NO. 24-2611


IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

DAMON ATKINS,
                            Appellant,

vs.

SGT. BRADLEY MCCLURE, ET AL.
                            Appellees.

---

Appeal from the Order, dated July 29, 2024, granting, in part, the Appellant's
Motion for Summary Judgment, and denying Appellees' Qualified Immunity
Defense, filed at 5:23-cv-02732 in the United States District Court for the Eastern
District of Pennsylvania

---

**MEMORANDUM ON THE APPEALABILITY OF THE DISTRICT
COURT'S ORDER ENTERED ON JULY 29, 2024 FILED ON BEHALF OF
APPELLEES**

---

**DAVID J. MacMAIN, ESQ.**
**BRIAN C. CONLEY, ESQ**
Pa. I.D. Nos. 59320 / 311372
**MACMAIN LEINHAUSER**
433 W. Market St., Suite 200
West Chester, PA 19382
(P): (484) 318-7106
(F): (484)328-3996
dmacmain@macmainlaw.com
bconley@macmainlaw.com

# I.     IDENTIFICATION OF THE PARTIES

The parties in this 42 U.S.C. § 1983 federal civil rights claim are:

Defendants/Appellees, the City of Reading and (former) Chief of Police Richard

Tornielli, Sergeant Bradley T. McClure ("Sgt. McClure"), and Mayor Eddie

Moran, all of whom were employed by the City of Reading at all times relevant.

The Plaintiff/Appellant, Damon Atkins (hereinafter "Atkins"), is an adult

individual residing within the Commonwealth of Pennsylvania.

## II.    STATEMENT OF JURISDICTION

This matter is a civil rights action brought by Atkins under 42 U.S.C. § 1983 and Pennsylvania state law. The District Court had subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343. Appellees appealed the July 29, 2024 Order and Opinion, which is considered a "final decision" under the collateral order doctrine. *See Damon Atkins v. Sgt. Bradley McClure, et al.*, United States Court of Appeals for the Third Circuit, Docket No. 24-2466 (hereinafter the "McClure Appeal"). The McClure Appeal is within This Court's jurisdiction pursuant to 28 U.S.C. § 1291.

This Court does not have jurisdiction over the instant appeal (hereinafter "Atkins Appeal") to decide whether the District Court erred in denying summary judgment to Atkins on the First Amendment retaliation claim because the issues raised are not inextricably intertwined with those raised by the McClure Appeal under the "pendent appellate jurisdiction" doctrine and because that order is not final pursuant to 28 U.S.C. § 1291.[1]

---

[1] The District Court's Order is final only insofar as it denied Sgt. McClure's qualified immunity defense. (*See* the Brief in Support of Appellate Jurisdiction dated August 29, 2024, in the McClure Appeal. (McClure Appeal, Doc. 7).

3

## III.   <u>STATEMENT OF THE ISSUES</u>

1.   DOES THIS COURT HAVE JURISDICTION OVER THE ATKINS APPEAL?

<u>Suggested Answer:</u>   No.

# IV.   STATEMENT OF THE CASE

Appellant, Damon Atkins ("Atkins"), commenced this lawsuit by filing a Complaint on July 18, 2023, alleging various § 1983 and state law claims against Appellees arising from his June 3, 2023 arrest for disorderly conduct.

On May 17, 2024, Atkins moved for partial Summary Judgment, seeking summary judgment, as to liability only, in his favor and against Sgt. McClure only, on the claims for First Amendment retaliation, Fourth Amendment unreasonable seizure, § 1983 and state law malicious prosecution, state law false imprisonment, and assault and battery. On May 31, 2024, Appellees filed a Brief in Opposition to the Partial Motion for Summary Judgment in which Sgt. McClure raised the defense of qualified immunity on the § 1983 claims (First Amendment retaliation, Fourth Amendment seizure, and malicious prosecution). On July 29, 2024, the District Court granted, in part, and denied, in part, the Motion for Summary Judgment. The District Court granted summary judgment to Atkins on the Fourth Amendment unreasonable seizure claim and the state law claims for false imprisonment and assault and battery. See, Opinion and Order of July 29, 2024 (District Court Docket 33 and 34, respectively).

Relevant hereto, the District Court denied summary judgment to Atkins on the First Amendment Retaliation claim. It is this decision that Atkins raises on appeal.

In denying summary judgment to Atkins on the First Amendment claim, the District Court found that there was a question of fact that precluded summary judgment to Atkins on whether there was a causal link between Atkins' speech and Sgt. McClure's decision him to arrest for disorderly conduct. *See* District Court Opinion, ECF 33, at p. 12. Specifically, as relevant to Atkins' appeal here, the District Court found that "when viewed in the light most favorable to Sgt. McClure, the evidence raises a genuine issue of material fact regarding whether Sgt. McClure acted in retaliation or whether he conducted the arrest because he legitimately, though mistakenly, believed he had probable cause to do so." *Id*.

In filing this appeal, Atkins takes the foregoing conclusion on page 12 of the District Court Opinion out of context by incorrectly excluding the first part of the sentence concerning a "genuine issue of material fact." Either mistakenly or by purposeful omission, Atkins relies solely upon the second part of this sentence in support of his argument that this Court has pendent appellate jurisdiction over the First Amendment Retaliation claim. *See* Atkins' Response to Order to Show Cause submitted in the McClure Appeal. (McClure Appeal, Doc. No. 8-1, p. 9).

In response to Atkins' August 8, 2024 Notice of Appeal and his erroneous interpretation of the District Court's Order and Opinion, the District Court issued a Memorandum Opinion pursuant to Third Circuit Local Rule 3.1 on August 29, 2024, reiterating that its decision to deny summary judgment to Atkins on the First

Amendment claim was based upon its finding that a *question of fact* existed that precluded summary judgment. (*See* District Court Doc. No. 63). Specifically, the District Court explained that because there was a question of fact whether Sgt. McClure's motivation for arresting Atkins was his subjective belief that he had probable cause to arrest[2] or in retaliation for Atkins' speech, Atkins could not establish the third prong of a First Amendment retaliation claim which requires showing that the defendant's subjective motivation for the alleged adverse action was the plaintiff's protected speech. (*See* District Court Memorandum, District Court Doc. No. 63, pp. 2-3).

Regardless of whether Atkins misunderstood the Court's Opinion in regards to its finding that a material question of fact existed to preclude summary judgment or whether it is a deliberate misstatement in an effort to shoehorn the District Court's First Amendment decision into an appealable one, the fact remains that This Court must not resolve questions of fact and does not have jurisdiction to review the District Court's finding that a question of fact precluded summary judgment to Plaintiff on the First Amendment claim.

---

[2] Albeit, according to the District Court, mistakenly.

# V. <u>STATEMENT OF THE FACTS</u>

This Court is required to take the facts as found by the District Court, taken in the light most favorable to the non-moving party, as the factual basis of the appeal. A summary of the uncontested facts follows:

On June 3, 2023, the first Reading Pride March & Rally held a validly permitted event, beginning with a flag raising ceremony outside City Hall in Reading, Pennsylvania. A group of protestors gathered on the opposite side of the street from the event, holding signs and displaying messages. Sgt. Bradley McClure, who was on duty to provide security for the event, stood between the opposing groups (the Pride Rally and the protestors) and periodically warned protestors not to disrupt the event. One such instance was captured on his body camera, in which he warned a group of protestors who were yelling at the event and being antagonistic not to yell at the Pride Celebration or face the prospect of arrest.

Thereafter, Atkins arrived on the south side of Washington Street, opposite the Pride Rally, carrying a sign stating "JESUS SAID GO AND SIN NO MORE." Atkins yelled something to the Pride Rally that Sgt. McClure recalls as being derogatory, but he cannot recall exactly what was said. Sgt. McClure approached Atkins and warned him not to disrupt the event, during which time Atkins was

speaking over Sgt. McClure, saying that "this is public property" and that the people cheering for the Pride Rally are "the people that are in hell."

Sgt. McClure walked away from Atkins. However, immediately after he walked away, Atkins yelled "Yo, God is not…" at which point Sgt. McClure approached Atkins and placed him under arrest. Sgt. McClure prepared an incident report indicating that Atkins was arrested for disorderly conduct.

## VI.   STATEMENT OF THE STANDARD OF REVIEW

The Third Circuit has plenary review over a district court's grant of summary judgment. *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009). Summary judgment should be entered "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (2010). A fact is material when it affects the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A genuine issue of material fact exists when the evidence requires a fact finder to resolve the parties' differing versions of the truth at trial. *Id.* at 249. Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.* at 247-48 (emphasis in original).

The standard for ruling on a motion for summary judgment as articulated by the Supreme Court in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) is as follows:

> the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial.

*Id.*

It is proper for a district court to deny summary judgment to a plaintiff when the "plaintiff fails to produce any evidence on a necessary element of her claim." *Hernandez v. Borough of Palisades Park Police Dep't.*, 58 Fed. Appx. 909, 912 (3d Cir. 2003) (unpublished)(citing *Celotex,* 477 U.S. at 323-25).

In determining qualified immunity, the Court must decide whether the facts alleged, viewed in the light most favorable to the party asserting the injury, show that the officer's conduct violated a clearly established constitutional right. *Saucier v. Katz*, 533 U.S. 194, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001). This analysis must not be taken in the abstract, but rather "in the specific context of the case." *Curly v. Klem*, 298 F.3d 271 (3d Cir. 2002). The doctrine gives "government officials breathing room to *make reasonable but mistaken judgments* and protects all but the plainly incompetent or those who knowingly violate the law." *Stanton v. Sims,* 134 S.Ct. 3 (2013) (per curiam) (emphasis added).

# VII.  <u>SUMMARY OF THE ARGUMENT</u>

As set forth in Appellees' Brief in Support of Appellate Jurisdiction in the McClure Appeal (McClure Appeal, Doc. No. 7), this Court has jurisdiction to review the denial of qualified immunity to Sgt. McClure under the collateral order doctrine set forth by *Mitchell v. Forsyth*, 472 U.S. 511, 525-26 (1985) and its progeny.[3] However, this Court lacks jurisdiction over Atkin's current appeal because the Districts Court's Order partially granting summary judgment is not a final appealable order, none of the exceptions listed in 28 U.S.C. § 1292 apply, and the pendent appellate jurisdiction doctrine is inapplicable.

---

[3] Appellees will not belabor the arguments in support of this Court's jurisdiction over the McClure Appeal given they have already briefed the issue in the McClure Appeal, at Doc. No. 7, which is incorporated herein by reference.

# VIII. ARGUMENT

## A. The District Court's Order Denying Summary Judgment on the First Amendment Retaliation Claim is Not Final nor Appealable

This Court lacks jurisdiction over the District Court's Order denying summary judgment to Plaintiff on the First Amendment retaliation claim since it was not a final order. It is well-established that, in the absence of the exceptions listed in 28 U.S.C. § 1292 or those falling under the collateral order doctrine, This Court has jurisdiction only to review final orders, i.e. those that resolve all claims against all parties and leave nothing for the district court to do but execute the judgment. *Morton Int'l, Inc. v. A.E. Staley Mfg. Co.*, 460 F.3d 470, 476 (3d Cir. 2006). When the district court resolves only some claims against the defendants, but other claims remain, the order is not final and appealable unless the district court enters judgment under Rule 54(b). *Id.*; *see also* Fed. R.Civ.P. 54(b). As such, a grant of partial summary judgment is not a final judgment and hence, not appealable. *Freixenet, S.A. v. Admiral Wine & Liquor Co.*, 731 F.2d 148, 152 (3d Cir. 1984).

The District Court's order in this case only partially granted summary judgment.[4] Specifically, the District Court granted summary judgment only in favor of Atkins and against Sgt. McClure only as to the Fourth Amendment unreasonable

---

[4] Indeed, it was impossible for the Court to issue an Order that disposed of all claims against all parties because Plaintiff only moved for partial summary judgment, having decided not to seek summary judgment on the defamation and false light claims.

seizure claim and the state law claims for false imprisonment and assault and battery. (*See* District Court Opinion at ECF 34). However, the District Court denied summary as to Atkins' First Amendment retaliation claim and the § 1983 malicious prosecution claim. (ECF Doc. 33 and 34). As there are remaining claims against all Defendants (Sgt. McClure, Richard Tornielli, Mayor Eddie Moran, and the City of Reading), the order is not final, and this Court does not have jurisdiction.

Furthermore, this Court lacks jurisdiction over Atkins' appeal pursuant to the doctrine of pendent appellate jurisdiction. Pendent appellate jurisdiction permits an appellate court to exercise jurisdiction over a claim that is neither certified as appealable pursuant to Fed. R. Civ. P. 54(b) nor falling within the small range of cases covered by the collateral order doctrine (such as qualified immunity), only if it is "inextricably bound" to a related issue that is appealable pursuant to 28 U.S.C. § 1292. *Kershner v. Mazurkievicz*, 670 F.2d 440, 449 (3d Cir. 1982). Pursuant to 28 U.S.C § 1292, courts of appeals have jurisdictions over appeals from the following:

> 1) Interlocutory orders of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court;

2) Interlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property; and

3) Interlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed.

28 U.S.C § 1292(a)[5]

None of the situations described in § 1292 are applicable to the issues involved in the appeal of Appellees, to which Atkins claims his appeal is "inextricably intertwined." Therefore, this Court does not have pendent appellate jurisdiction over Atkins' appeal.

**B.** **Atkins' Appeal is Not Inextricably Intertwined with Appellees' Appeal of the District Court's Denial of Qualified Immunity**

To the extent that Atkins asserts that this Court may invoke pendent appellate jurisdiction where jurisdiction is originally conferred under the collateral order doctrine, this Court would not have jurisdiction over Atkins' appeal since the issues raised therein are not "inextricably intertwined" with another claim over which the Court properly has jurisdiction. *See Brown v. Grabowski*, 922 F.2d 1097, 1106 n. 3 (3d. Cir. 1990).

The rarely appropriate and rarely invoked doctrine of pendent appellate

---

[5] 28 U.S.C. 1292(b), (c), (d), and (e) are also not applicable to the instant case.

jurisdiction allows an appellate court to exercise jurisdiction over issues that are not independently appealable *only* so long as they are intertwined with issues over which an appellate court may properly and independently exercise jurisdiction. *In re Tutu Wells Contamination Litigation*, 120 F.3d 368, 382 (3d Cir. 1997). "[P]endent appellate jurisdiction over an unappealable order is available *only* to the extent necessary to ensure meaningful review of an appealable order." *In re Montgomery County*, 215 F.3d 367, 375-76 (3d Cir. 2000) (emphasis added). The doctrine is only available in two examples: inextricably intertwined orders or review of the non-appealable order where it is necessary to ensure meaningful review of the appealable order. *E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S.*, 269 F.3d 187, 203 (3d. Cir. 2001). Inextricably intertwined orders exist where an appealable issue is so connected with a non-appealable issue that one cannot resolve the former without addressing the latter. *Griswold v. Coventry First LLC*, 762 F.3d 264, 269 (3d. Cir. 2014); *see also Kershner*, 670 F.2d at 449 (holding that an issue is "inextricably intertwined" or "inextricably bound" with a claim over which the appellate court has jurisdiction only where the otherwise appealable issue *could not be resolved* without determining the otherwise non-appealable issue over which a party claims pendent appellate jurisdiction).

The pendent appellate jurisdiction doctrine is "indisputably 'narrow'" and rarely appropriate. *Griswold*, 762 F.3d at 269-270. The Supreme Court has warned

that the doctrine should be applied only sparingly as "loosely allowing pendent appellate jurisdiction would encourage parties to parlay *Cohen*[6]-type collateral orders into multi-issue interlocutory appeal tickets." *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 49-50 (1995).

The issues presented in the McClure appeal involve the narrow issue of whether Sgt. McClure is entitled to qualified immunity. That narrow issue is purely a question of law, not of fact. (*See* Brief in Support of Appellate Jurisdiction in the McClure Appeal, Doc. No. 7). Indeed, Appellees assert that this Court has jurisdiction over the McClure Appeal only on grounds that the District Court's denial of qualified immunity was purely a question of law; that is, that the District Court erred by defining the rights at issue with too high a level of generality and failed to consider whether all reasonable officers in Sgt. McClure's position would have found that there was no probable cause to arrest Atkins. (*See* Brief in Support of Appellate Jurisdiction in the McClure Appeal, Doc. No. 7).

That analysis will not involve any questions of fact, like the sole issue presented in the Atkins Appeal. Even in the event that this Court were to determine, in reviewing Sgt. McClure's qualified immunity defense, that a reasonable officer in his position would not have known for a certainty that arresting Atkins would

---

[6] Referring to Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546 (1949) (decisions that are conclusive, that resolve important questions apart from the merits of the underlying action, and that are effectively unreviewable on appeal from final judgment may be appealed immediately).

have been an arrest without probable cause, it still does not require this Court to determine Sgt. McClure's subjective motivation for the arrest. Indeed, Atkins' arguments for appellate jurisdiction (*see* Atkins Response to Order to Show Cause in the McClure Appeal, Doc. No. 8-1, p. 9-11) improperly conflate a Fourth Amendment analysis with the issue Atkins seeks to appeal (i.e., the very narrow questions as to whether he met his burden on summary judgment of establishing causation under the First Amendment retaliation claim). Atkins' misunderstanding and confusion of the issues is no reason to contort the law to permit appellate review of an issue is that neither final nor inextricably intertwined with an appealable one.

Moreover, the District Court's determination that Atkins was not entitled to summary judgment on the First Amendment retaliation claim rested solely upon a question of fact. Specifically, the Court denied summary judgment to Plaintiff because it found that there was a question of fact – requiring jury resolution – about the issue of causation, i.e. whether Sgt. McClure arrested Atkins in retaliation for his speech or in the belief that he had probable cause to do so. In order for this Court to determine the questions presented in the McClure appeal, it need not, and in fact must not, determine any questions of fact, like Sgt. McClure's subjective motivation for arresting Atkins. In his instant appeal, Atkins asks this Court to determine that very issue.

Since nothing in the Atkins appeal must be decided in order to review the

McClure Appeal, Atkins' claim for appellate jurisdiction is nothing more than an inappropriate attempt to parlay a reviewable issue into multi-issue appellate jurisdiction in derogation of the Supreme Court's holding in *Swint*. Swint, 514 U.S. at 49-50.

Accordingly, the issue raised in the Atkins Appeal is not sufficiently intertwined with whether Sgt. McClure is entitled to qualified immunity such that this Court may exercise jurisdiction over the District Court's denial of summary judgment in Atkins' favor on the First Amendment issue. The issue Atkins raises here also need not be resolved in order to conduct a meaningful review of the District Court's denial of Sgt. McClure's qualified immunity defense.

## IX.  CONCLUSION

Based on the foregoing, This Court lacks jurisdiction to review Atkins'

appeal of the District Court's denial of summary judgment on the First

Amendment retaliation claim.


Respectfully submitted,

**MacMAIN LEINHAUSER PC**

Dated: <u>September 20, 2024</u>　　　By:　　<u>*/s/ Brian C. Conley*　　　　</u>
　　　　　　　　　　　　　　　　　　　David J. MacMain
　　　　　　　　　　　　　　　　　　　PA Attorney I.D. No. 59320
　　　　　　　　　　　　　　　　　　　Brian C. Conley
　　　　　　　　　　　　　　　　　　　PA Attorney I.D. No. 311372
　　　　　　　　　　　　　　　　　　　433 W. Market Street, Suite 200
　　　　　　　　　　　　　　　　　　　West Chester, PA 19382
　　　　　　　　　　　　　　　　　　　*Attorneys for Appellees City of*
　　　　　　　　　　　　　　　　　　　*Reading, Mayor Eddie Moran, Chief*
　　　　　　　　　　　　　　　　　　　*Richard Tornielli, and Sgt. Bradley T.*
　　　　　　　　　　　　　　　　　　　*McClure*

## Combined Certifications

I certify that:

1.      I am a member in good standing of the Bar of this Court.

2.      On this date, a copy of this filing was served by this Court's electronic case filing system and also mailed to:

Joel Ready, Esq.
Benjamin Jeffrey Lewis, Esq.
Cornerstone Law Firm
Suite 3
8500 Allentown Pike
Blandon, Pa 19510
*Attorneys for Plaintiff*

**MacMAIN LEINHAUSER PC**

By:    */s/ Brian C. Conley*
       David J. MacMain
       PA Attorney I.D. No. 59320
       Brian C. Conley
       PA Attorney I.D. No. 311372
       433 W. Market Street, Suite 200
       West Chester, PA 19382
       *Attorneys for Appellees City of*
       *Reading, Mayor Eddie Moran, Chief*
       *Richard Tornielli, and Sgt. Bradley T.*
       *McClure*